UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>     v.<br><br>**VINH Q. HO,**<br>**THANH LAN DO,**<br><br>      **Defendants.** | **CASE NO. 1:26-cr-00035**<br><br>**JUDGE MCFARLAND**<br><br>**INFORMATION**<br>**18 U.S.C. § 371**<br>**26 U.S.C. § 7201** |

**THE UNITED STATES ATTORNEY CHARGES:**

**At All Times Relevant:**

## COUNT 1
### (Conspiracy, 18 U.S.C. § 371)

1. From at least in or about January 2016 through at least 2025, Defendants VINH Q. HO and THANH LAN DO co-owned and co-managed over 60 high-end nail salons across the United States. These salons operated under a variety of trade names but were frequently called "the Anthony Vince Nail Salons," "Prive Nail Spas," and "Zen Nail & Spas" (hereinafter, the "AVNS Salons").

2. Defendant HO led the business and was the ultimate decision-maker on most financial, expansion, and management hiring decisions. Defendant DO, along with others, oversaw management of the AVNS Salons. Defendant DO was responsible for all of the AVNS Salons' payroll, taxes, and day-to-day operations and liaising with each salon's manager. Defendant HO and Defendant DO, who ultimately became spouses, worked closely together to run the business.

3. The AVNS Salons employed a large number of nail technicians. These technicians were paid on a commission basis, generally around 60% of the fees charged by the AVNS salons.

1

These technicians were paid around 40% of their wages in cash, with the understanding that this was done to help them hide this income from federal and state tax authorities.

4. Every two weeks, each salon's manager paid a portion of the wages by check and another portion in cash. Each salon manager also prepared a spreadsheet detailing the cash and check wages paid and sent it to Defendant DO so that she and her team could manage the check payroll.

5. A Form 1099 is used by businesses to report to the Internal Revenue Service ("IRS") all income paid to independent contractors.

6. At the end of each year, Defendant DO and her team prepared a Form 1099 for each technician reporting income, but did not include the cash wages paid. Defendant DO and her team sent draft Forms 1099 to each nail technician and made adjustments based on technicians' requests.

7. Defendant DO and Defendant HO used the AVNS Salons' bank accounts as their personal accounts. Defendant DO prepared Defendant HO's 2020 and 2021 tax returns, which underreported his true personal income.

### The Conspiracy and Its Objects

8. From at least 2016 through at least 2025, in the Southern District of Ohio and elsewhere, defendant VINH Q. HO and defendant THANH LAN DO did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree with others to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment, and collection of the revenue: namely, federal income taxes.

## Manner and Means of the Conspiracy

It was part of the conspiracy that:

9. Nail technicians at the AVNS Salons were paid a portion of their income in cash, outside of a standard, check-based payroll system.

10. Every year, Defendant DO and others filed a Form 1099 for AVNS Salons' technicians which reported their check wages, but not their cash wages.

11. Defendant HO and Defendant DO trained salon managers in how to operate the under-the-table cash payroll and instructed AVNS Salons' employees in how to keep the true payroll hidden. Defendant HO also engaged in efforts to encourage customers to pay more with cash, so that salon managers would have to withdraw less cash from banks.

12. Defendant DO oversaw the day-to-day operations of the unreported cash payroll and, with Defendant HO, ensured that the income remained hidden from federal and state authorities.

13. Defendant DO, together with Defendant HO, prepared false tax returns for 2020 and 2021 underreporting HO's true income.

## Overt Acts

The following overt acts were committed in furtherance of the conspiracy:

14. In or about May 2021, Defendant DO prepared, and together with Defendant HO caused the filing of, a false tax return for Defendant HO which significantly underreported reported Defendant HO's 2020 income and tax due.

15. In or about January 2022, Defendant DO and Defendant HO oversaw the preparation and filing of hundreds of false Forms 1099 which failed to report AVNS nail technicians' cash wages.

16. In or about May 2022, Defendant DO made material misrepresentations to federal law enforcement agents during an interview concerning, among other things, the AVNS salons cash payroll.

17. In or about October 2022, Defendant DO prepared, and together with Defendant HO caused the filing of, a false tax return for Defendant HO which significantly underreported Defendant HO's 2021 true income and tax due.

18. In or about January 2023, Defendant DO and Defendant HO oversaw the preparation and filing hundreds of false Forms 1099 which failed to report AVNS nail technicians' cash wages.

All in violation of 18 U.S.C. § 371

## COUNT 2
### (Tax Evasion, 26 U.S.C. § 7201)

19. Paragraphs 1 through 7, and 9 through 18 are incorporated by reference as if fully stated herein.

20. From in or about January 2020 through October 2022, in the Southern District of Ohio and elsewhere, defendant VINH Q. HO, a resident of The Woodlands, Texas, and Liberty Township, Ohio, willfully attempted to evade and defeat the income tax due and owing by him to the United States of America, for the calendar years 2020 and 2021, by committing the following affirmative acts, among others:

    a. Preparing and causing to be prepared, and signing and causing to be signed, false and fraudulent U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2020 and 2021, which were submitted to the IRS.

    b. Purchasing luxury vehicles for personal use in the names of his businesses; and

    c. Using AVNS Salons bank accounts as personal accounts.

All in violation of 26 U.S.C. § 7201

4

DOMINICK S. GERACE II
United States Attorney
Southern District of Ohio

ANTHONY SPRINGER
Assistant United States Attorney

JORGE ALMONTE
Assistant Deputy Chief

EZRA SPIRO
Trial Attorney